## 44284. HERNDON v. HERNDON.
(353 SE2d 483)

PER CURIAM.
Judgment affirmed without opinion pursuant to Rule 59.
*All the Justices concur, except Smith, J., who dissents.*

SMITH, Justice, dissenting.
Though I recently turned seventy, I fortunately still possess the capacity and the authority to make choices in matters affecting my life, a fact that keeps life worth living. I know, however, that opportu-

nities to make such choices will become more limited as the years roll by. Awareness of this fact makes it particularly painful to observe the action taken by this court in allowing a superior court to deny an eighty-five-year-old widow the opportunity to make one of the last, and certainly one of the most important, decisions of her life — the decision of where to bury her late husband.

In this state, the surviving spouse possesses the right to determine where the deceased spouse will be buried. This just policy is particularly appropriate in a case such as this one in which the surviving spouse was married to and lived with the deceased spouse for sixty-nine years. The superior court in this instance, however, ruled Mrs. Herndon incompetent and took away her right to determine where her husband should be buried, and thus where she would be buried should she choose to rest beside him.

When Mr. Herndon died after a long illness, a funeral service was held at the site where the family plot had been purchased years before. Mrs. Herndon became upset when she saw that Mr. Herndon's gravesite was covered with water and that he would accordingly not be buried after the graveside ceremony. She later decided that she preferred to have him buried in Bainbridge, where she planned to live with her daughter. She stated at trial, "I want my husband buried where I'm going to live and [Bainbridge is] where I'm going to live hereafter."

Of course Mrs. Herndon rambled some during trial, as most people her age would. No, she might not be able to balance a checkbook. Yes, she might possess an altered sense of reality occasionally. She might not be able to move around easily by herself. She did, however, give plausible reasons for wanting her husband buried in Bainbridge.

A woman need not know how to maximize profit from a farming operation to know where she feels that she and her husband should be laid to rest. She does not need to understand her contractual rights relative to the undertaker to know how she feels about the location of her husband's grave. We should only require from the surviving spouse a cogent expression of a clear idea of where she wants the deceased to be buried before we support that wish with the force of law. Here, Mrs. Herndon has clearly expressed her desire as to the location of her husband's burial site and has backed that desire up with a rational explanation of the desire.

This court, in allowing the trial court to extinguish Mrs. Herndon's desire, acquiesces in the burial of Mrs. Herndon's spirit along with her husband's body.

DECIDED MARCH 10, 1987 —
RECONSIDERATION DENIED MARCH 24, 1987.

*Jack J. Helms*, for appellant.
*Sutton, Reddick, Hackel & Hackel, Berrien L. Sutton*, for appellee.